UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KIMBERLY SUTPHIN BLALOCK )<br>)<br>*Plaintiff*, )<br>) Case No. 1:17-cv-93<br>v. )<br>) Judge Steger<br>NEW YORK LIFE INSURANCE )<br>COMPANY )<br>)<br>*Defendant.* )<br>) | |

| | |
|---|---|
| NEW YORK LIFE INSURANCE )<br>COMPANY )<br>)<br>*Counter & Third-Party Plaintiff*, )<br>)<br>v. )<br>)<br>CRIMSON J. SUTPHIN, Individually, )<br>and as Administratrix of the ESTATE )<br>OF LOYD RAY SUTPHIN, JR. )<br>)<br>*Third-Party Defendant.* ) | |

## MEMORANDUM OPINION AND ORDER

This matter arises from Crimson Sutphin's and Kimberly Blalock's competing claims to the proceeds of a life insurance policy issued by New York Life Insurance Company to Ray Loyd Sutphin who was Crimson Sutphin's father and Kimberly Blalock's former husband. Crimson Sutphin and New York Life Insurance Company have each filed motions to dismiss [Docs. 23 and 39, respectively] under the *Colorado River* Abstention Doctrine because an Alabama state court has already determined in a separate lawsuit that Crimson Sutphin, not Kimberly Blalock, is entitled to the proceeds of the life insurance policy issued by New York

1

Life Insurance Company. That judgment is currently on appeal.  For the reasons stated herein, the Court **GRANTS** these motions [Docs. 23 and 39] and **DISMISSES** this action without prejudice pursuant to the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)),

I.   Facts

In November 2011, Loyd Ray Sutphin, Jr., an Alabama resident, purchased a life-insurance policy in Chattanooga, Tennessee from New York Life Insurance Company ("New York Life"), naming his daughter, Crimson Sutphin, as the sole beneficiary [Doc. 1-1 at PageID # 9].  Loyd Sutphin then married Kimberly Blalock in October 2012 [*Id.*].  In December 2012, he directed that his wife, Kimberly Blalock, and his daughter, Crimson Sutphin, be joint beneficiaries under the New York Life insurance policy [*Id.*].

Loyd Sutphin and Kimberly Blalock were divorced in DeKalb County, Alabama, in February 2016.  Their divorce decree did not reference the New York Life insurance policy [Doc. 4-3].  Alabama law provides that, upon divorce—and absent express terms in a divorce decree or other governing instrument—a spouse forfeits his or her status as a beneficiary under their former partner's life insurance policy. *See* Code of Alabama § 30-4-17.  Since there was no provision in the divorce decree to the contrary, Ms. Blalock's status as a beneficiary under Loyd Sutphin's New York Life insurance policy was extinguished at the time of the divorce.

Later in 2016, Kimberly Blalock and Loyd Sutphin reunited, resumed living together, and manifested some intention to remarry [Doc. 1-1 at PageID # 9].  Fate intervened when, on December 22, 2016, just seven weeks after the couple resumed their relationship, Loyd Sutphin died in an ATV accident [*Id.*].  Upon his death, New York Life declined to pay life insurance benefits to Ms. Blalock since she was no longer a legal beneficiary under Alabama's revocation-

upon-divorce statute [*Id.*]

In April 2017, Crimson Sutphin, the sole remaining beneficiary under Loyd Sutphin's life insurance policy, filed a lawsuit against Kimberly Blalock and New York Life in Alabama state court seeking recovery of the full amount of the policy [*See* Doc. 36-1 at PageID # 174-78]. In response, Kimberly Blalock acknowledged that she and Loyd Sutphin were not legally married at the time of his death; however, she contended that she should still be a joint beneficiary under the New York Life insurance policy because she and Loyd Blalock were parties to a common law marriage when he died [*Id.* at 176]. The Alabama court conducted a bench trial in early 2018. The judge concluded that Ms. Sutphin was the sole beneficiary under the life insurance policy because Kimberly Blalock and Loyd Sutphin were not married—either legally or under common law—at the time of his death [*Id.* at 178].

Ms. Blalock later filed a motion to alter or amend the Alabama state court judgment, arguing that Alabama's revocation-upon-divorce statute violated the United States Constitution [*See* Doc. 40-1 at PageID # 218]. The state court withheld ruling on this motion because the constitutionality of a similar statute was pending before the United States Supreme Court in *Sveen v. Melin*, 138 S. Ct. 1815 (2018) [*Id.*]. The U.S. Supreme Court ultimately held that the automatic revocation statute was constitutional. Following that decision, the Alabama state court judge denied Ms. Blalock's motion to alter or amend the judgment [*Id.*].

During the course of the Alabama state court litigation, the judge dismissed New York Life as a defendant after it paid the life-insurance proceeds into the court for distribution [*See* Doc. 39 at PageID # 201].

About a month before the Alabama state court case was filed, Kimberly Blalock filed a lawsuit against New York Life in the Circuit Court of Hamilton County, Tennessee [Doc. 1-1],

3

in March 2017. In the Tennessee lawsuit, Ms. Blalock asserted that Tennessee law, not Alabama law, should govern the distribution of the life-insurance proceeds [Id.]. In making that argument, she relied upon the fact that, although Loyd Sutphin resided in Alabama, he purchased the life insurance policy through his place of employment in Tennessee [*Id.*]. Under Tennessee law, Ms. Blalock's status as a beneficiary under the policy would not have been automatically revoked at the time of her divorce from Mr. Sutphin [*Id.*]. In April 2017, a few days after the Alabama state court case had been filed, New York Life removed the Tennessee state court case to federal court [Doc. 1] and filed a counterclaim and third-party complaint interpleading Ms. Sutphin into the suit [Doc. 4].

Crimson Sutphin then filed a Motion to Dismiss in federal court, contending that Alabama law, not Tennessee law, controls the distribution of the contested life-insurance proceeds [Doc. 23]. New York Life later joined Ms. Sutphin's motion, asserting that New York Life should be dismissed under the *Colorado River* abstention doctrine and because it had deposited the life insurance policy proceeds into the Alabama state court for disposition [Doc. 39]. More specifically, New York Life argued that "[t]here is no reason for [it] to remain in th[is] federal court action when [it] already ha[d] been absolved of liability in the state court action." [*Id.* at PageID # 201].

Kimberly Blalock did not respond to Crimson Sutphin's or New York Life's motions. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

**II.    Analysis**

    **A.    Application of federal abstention**

While not commonplace, it is sometimes appropriate for federal courts to abstain from

4

the exercise of jurisdiction in a pending case.  "[D]espite the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir.1998) (referencing *Colorado River Water Conservation Dist*, 424 U.S. at 800). [1]  But "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  Yet there are situations where a federal court may defer to a parallel, concurrent state-court proceeding when the decision is based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip.t Co.*, 342 U.S. 180, 183 (1952)).

      **B.**     **This case parallels the Alabama state-court proceeding.**

In deciding whether to abstain from the exercise of jurisdiction in a federal case in favor of a state-court case, federal courts must first determine whether a "parallel" state-court case is pending. *Romine*, 160 F.3d at 339-40.  The state-court proceeding need not be identical, merely "substantially similar." *Id.* at 340.  The parties in the state-court proceeding also need not be identical to those in the federal case. *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990).  Nonetheless, "[w]hen a district court decides to dismiss or stay under *Colorado River*, it

---

[1] "*Colorado River* abstention" is a phrase coined from the decision in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976).  It is applicable in in situations where federal and state court proceedings are simultaneously being conducted (i.e., parallel litigation) to determine the rights of parties with respect to the same questions of law.

presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 28 (1983).

The instant case satisfies the threshold requirement for *Colorado River* abstention—namely, the existence of concurrent, parallel state and federal proceedings. *See Romine*, 160 F.3d at 339. Crimson Sutphin filed her lawsuit in Alabama state court against Kimberly Blalock and New York Life. Kimberly Blalock filed her lawsuit in Tennessee state court against New York Life, which then removed the case to federal court and added Ms. Sutphin as party through an interpleader action. Both cases seek to determine how the proceeds of Loyd Sutphin's New York Life insurance policy should be distributed. The factual allegations in the Alabama case and the federal case are almost identical. The Alabama trial court entered a final order in the case on June 11, 2018 [Doc. 40-1]. An appeal from that order was filed on June 18, 2018.

The Court concludes that the Alabama state court case and the case pending before this Court are parallel proceedings. The parties to both lawsuits are identical and these cases involve the same material facts and issues of law. Any claims or defenses raised in one case could have been raised in the other.

### C. The *Colorado River* factors weigh in favor of abstention.

Having determined that the two lawsuits are parallel proceedings, the Court must now address the eight *Colorado River* factors to determine if abstention is warranted, *to wit*:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206–07 (6th Cir. 2001) (quoting *Romine*, 160

F.3d at 340-41). "When considering these factors, . . . 'the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16). The specific factors are discussed below:

1. **State court assumption of jurisdiction over res or property.** Here, the Alabama state court assumed jurisdiction over the "res" or thing that is the subject of the lawsuit, i.e., the New York Life Insurance Policy proceeds. In fact, the court has already conducted a trial of the case and issued a judgment determining how the proceeds of the New York Life Insurance Policy should be distributed.

2. **Whether the federal forum is less convenient to the parties.** There are three parties to the lawsuit, Crimson Sutphin, Kimberly Blalock and New York Life Insurance Company. Ms. Sutphin and Ms. Blalock are Alabama residents, so it should be more convenient for them to litigate this case in state court in Alabama rather than the federal court situated in Tennessee. New York Life is not headquartered in either state, so it should be equally convenient to litigate the issues in either forum.

3. **Avoidance of piecemeal litigation.** "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *See Romine*, 160 F.3d at 341. Here, the pending federal case involves the same material facts, legal issues and parties. The Alabama state court has already decided the case and provided instruction to the parties as to how the life insurance proceeds should be distributed. If this Court allows the case to be re-litigated in federal court, the only two possible outcomes are: (a) a judgment that is inconsistent with the Alabama state court's decision—in which event the parties will be confused as to the proper course of action—or (b) a judgment that is consistent with the Alabama state court's decision—in which event the two courts would have simply duplicated each other's judicial efforts. This is the very definition of "piecemeal litigation."

4. **Order in which jurisdiction was obtained.** As to the order in which jurisdiction was obtained, Kimberly Blalock filed her case in Tennessee state court on March 10, 2017, while Crimson Sutphin filed her case in Alabama state court on April 4, 2017. So, Ms. Blalock filed first; however, Ms. Blalock's Tennessee case was not removed to federal court until April 10, 2017, so the federal court did not obtain jurisdiction of her Tennessee case until after Crimson Sutphin's lawsuit already had been filed in Alabama state court. In other words, the Alabama state court obtained jurisdiction over Ms. Sutphin's lawsuit six days before the federal court obtained jurisdiction over Ms. Blalock's lawsuit.

5. **Whether the source of governing law is state or federal.** The governing law in this case is state law, not federal law. One party claims that Alabama law governs the dispute, while another claims that Tennessee law should govern. A state court judge in either Alabama or Tennessee is as qualified to make this choice-of-law decision as would be a federal judge. Ultimately, the Alabama judge decided that Alabama law, not Tennessee law should apply. Having done so, the Alabama court was eminently qualified to apply Alabama law to the facts of the case and make the correct decision.

6. **Adequacy of the state court action to protect the federal plaintiff's rights.** The "federal plaintiff" in this case is New York Life Insurance Company. It is the party that removed this case to federal court. New York Life did so presumably to prevent the Tennessee state court and the Alabama state court from issuing inconsistent decisions that would have left New York Life in a quandary over how the life insurance proceeds should be paid out. Now that the Alabama state court has provided appropriate direction to the parties, New York Life has no interest in maintaining this lawsuit in federal court [Doc. 39]. Its rights, as well as the rights of the other parties, have been adequately protected.

7. **Relative progress of the state and federal proceedings.** The state court action in the Circuit Court of Dekalb County, Alabama has been tried before a judge and a decision has been issued. A notice of appeal was filed in that case on June 18, 2018, and that appeal is pending. Consequently, the Alabama state court action has progressed much further than the federal court case.

8. **Presence or absence of concurrent jurisdiction.** Both this Court and the Alabama state court can exercise jurisdiction over all of the claims presented in each of the cases.

Considering the eight *Colorado River* factors in combination, the Court concludes that abstention is necessary to avoid the risk of inconsistent adjudication of the issues and duplication of judicial effort. The question remains as to whether this case should be dismissed without prejudice or stayed pending the outcome of the state-court proceeding.

While issuing a stay is the norm, federal courts have the authority to dismiss a case when abstaining under *Colorado River*. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16 ("A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal.") (referencing *Colorado River Water Conservation Dist.*, 424 U.S. at 818-819). The primary basis

8

for issuing a stay instead of dismissal is that a stay allows the federal court to resume its jurisdiction over the case should the deferring state court fail to decide the case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n. 2 (1995) ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.") (citations omitted).

That factor is not present here. Dismissal in federal court is warranted because the Alabama state court has decided this case, directing New York Life to pay the proceeds of the life insurance policy into the state court for distribution. The Alabama state court has already disposed of all of the pending issues, leaving no additional issues for this Court to decide. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28 ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case . . . .") (citations omitted).

**III. Conclusion**

Therefore, in light of *Colorado River* abstention principles, Crimson Sutphin's and New York Life's Motions to Dismiss [Docs. 23 and 39, respectively] are **GRANTED**. This case is **DISMISSED** without prejudice**.** The Clerk of Court is directed to close this case.

SO ORDERED.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE